IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MYRNA E. COHEN, | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | NO. 09-3614 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

**DuBOIS, J.**                                                                                         **February 25, 2011**

# M E M O R A N D U M

## I. INTRODUCTION

This is an action seeking review of the Social Security Commissioner's final decision granting the plaintiff, Myrna E. Cohen's, claim for Supplemental Security Income ("SSI"). The Court referred the case to United States Magistrate Judge Arnold C. Rapoport for a Report and Recommendation ("R & R"). Magistrate Judge Rapoport issued an R & R on August 31, 2010, recommending that plaintiff's Request for Review be denied. Plaintiff filed timely Objections to the R & R, which are presently before the Court. The Court approves and adopts the R & R and denies plaintiff's Request for Review. The Court writes only to explain its decision to overrule plaintiff's Objections.

## II. BACKGROUND

The background of this case is set forth in detail in the R & R and will be recited in this Memorandum only as necessary to address the issues presented by plaintiff's Objections.

1

Plaintiff filed for SSI on March 25, 2005, and for Disability Insurance Benefits ("DIB") on April 26, 2005. (R. 46.) Both claims were denied at the initial review level, and plaintiff did not request review of these denials. (R. 46, 56-60, 502.) Plaintiff again filed for SSI and Disability Insurance Benefits ("DIB") on March 28, 2006. (R. 20, 502.) Both claims were denied at the initial review level, and plaintiff did not request review of these denials. (R. 20, 74, 502.) Plaintiff then filed for SSI and DBI a third time on August 7, 2006, with a protective filing date of July 20, 2006. (R. 7, 44.) After denial of these claims at the initial review level, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on January 8, 2008. (R. 42, 44, 51-55, 472-511.) The ALJ issued a decision on February 12, 2008, reopening plaintiff's March 28, 2006 SSI claim and finding plaintiff to be disabled on that claim. (R. 20-26.) Plaintiff then requested review of the ALJ's decision, arguing to the Appeals Council that the ALJ should have reopened the previously denied DIB claims that she filed on April 26, 2005 and March 28, 2006.[1] (R. 14-16.) The Appeals Council denied plaintiff's Request for Review on June 11, 2009, explaining that plaintiff's DIB applications were not before the ALJ, and that her disability claims had been administratively denied in July 2005 due to lack of insured status. (R. 6-9.)

## III. STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited. This Court is bound by the factual findings of the Commissioner if they are supported by substantial evidence. See Thomas v. Comm'r of Soc. Sec. Admin., 625 F.3d 798, 800 (3d Cir. 2010). "Substantial

---

[1] Although plaintiff argued before the Appeals Council and before this Court that an April 22, 2005 DIB application should be reopened, a review of the record reveals that the DIB application was filed on April 26, 2005. (R. 46.)

2

evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "Overall, the substantial evidence standard is deferential and includes deference to inferences drawn from the facts if they, in turn, are supported by substantial evidence. To determine whether a finding is supported by substantial evidence, we must review the record as a whole." Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (citations omitted).

A district court judge makes a de novo determination of those portions of a magistrate judge's report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## III. DISCUSSION

Plaintiff argues in the Objections that: (1) Magistrate Judge Rapoport did not have the entire record before him; (2) the ALJ de facto reopened plaintiff's previously-denied DIB claims; and (3) plaintiff's counsel at the hearing before the ALJ had a conflict of interest. The Court addresses each of plaintiff's objections to the R & R in turn.

### A. Objection: Magistrate Judge Rapoport Did Not Have the Entire Record Before Him

In her Request for Review to the Appeals Council, plaintiff submitted for the first time a letter dated November 6, 2007, from her prior counsel, Jeffrey D. Abramowitz. The letter, addressed to plaintiff, states that "due to [his] medical illness," Abramowitz failed to file an appeal of the denial of plaintiff's application for SSI and DBI benefits, despite being instructed by plaintiff to do so. (See Doc. No. 19-1, filed September 30, 2010.) Plaintiff argues that "the Appeals Council did not review this letter as it was not included in the record submitted to this Honorable Court," and that the case therefore "should be remanded for a determination by the Appeals Council as to whether the case should be remanded back to the ALJ for consideration of reopening." (Pl. Obj. at 3-4.)

When a claimant "seeks to rely on evidence that was not before the ALJ, the district court may remand to the Commissioner but only if the evidence is new and material and if there was good cause why it was not previously presented to the ALJ." Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). Evidence is deemed "new" if it was "not in existence or available to the claimant at the time of the administrative proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990). Abramowitz's November 6, 2007 letter pre-dated plaintiff's January 8, 2008 hearing before the ALJ, and it therefore is not "new" evidence. Moreover, the November 6, 2007 letter was available to both plaintiff and her counsel, Barbara Artuso, at the time of the ALJ hearing, and plaintiff has not made a showing of good cause for her counsel's failure to present the letter to the ALJ at the hearing. Although plaintiff argues that Artuso's appointment as an ALJ at the time of the hearing may have caused her to litigate plaintiff's case with less than

4

vigorous advocacy, or may have created the appearance of impropriety, plaintiff does not point to any evidence in support of these contentions. See infra Section III.C. The Court thus concludes that remand of the case based on plaintiff's belated reliance on the November 6, 2007 letter is inappropriate.[2]

### B. Objection: The ALJ De Facto Reopened Plaintiff's Previously-Denied DIB Claims

Plaintiff's second objection is that by reopening her March 28, 2006 SSI application, the ALJ de facto reopened her April 26, 2005 and March 28, 2006 DIB applications.

While a court may not review a decision of the Commissioner declining to reopen a claim, a court may examine the record to determine whether a de facto reopening has occurred. Coup v. Heckler, 834 F.2d 313, 317 (3d Cir. 1987). A reopening will be found "where the administrative process does not address an earlier decision, but instead reviews the entire record in the new proceeding and reaches a decision on the merits." Id. (citation omitted).

The Court agrees with Magistrate Judge Rapoport's finding that the ALJ did not de facto reopen plaintiff's prior DIB claims. First, the only claim before the ALJ was plaintiff's July 20, 2006 SSI application; plaintiff's prior DIB claims were not before the ALJ, and the ALJ's decision does not address those claims. (R. 7, 20-26, 472.) Second, the ALJ did not review any

---

[2] For purposes of determining whether a court should remand a case to the Commissioner, evidence is deemed "material" if: (1) there is a "reasonable possibility that [it] would have changed the outcome of the Secretary's determination"; (2) it "relates to the time period for which benefits were denied"; and (3) it does "not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition." Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). Having concluded that the November 6, 2007 letter is not "new," and that plaintiff has not demonstrated good cause for her counsel's failure to present the letter to the ALJ, the Court need not reach the question of whether the letter constitutes "material" evidence.

evidence relevant to plaintiff's previously-denied DIB claims.  The parties do not dispute that plaintiff's "date last insured" for DIB purposes was December 31, 2004, and that in order to be eligible for DIB, plaintiff "must show that she was disabled under the applicable rules at some date on or before December 31, 2004."  (Pl.'s Stmt. of Issues in Support of Request for Review at 2; Def.'s Resp. to Request for Review of Pl.'s Stmt. of Facts at 3, 8; R. 7, 84.)  A review of the administrative record reveals that the ALJ reviewed only those records from May 6, 2005 forward.  (R. 20-26, 380.)  This was entirely appropriate for purposes of determining plaintiff's eligibility for SSI.  To qualify for SSI benefits, a claimant's impairment "must have lasted or must be expected to last for a continuous period of at least 12 months."  20 C.F.R. § 416.909.  Thus, in reopening and assessing plaintiff's March 28, 2006 SSI claim, the ALJ was required to review medical evidence of plaintiff's disability from March 28, 2005 forward.  In determining plaintiff's eligibility for SSI, the ALJ did not review any records or other evidence covering the period prior to December 31, 2004.

Given that the ALJ did not review any records or other evidence covering the period prior to December 31, 2004, and did not address the merits of plaintiff's DIB claims, no de facto reopening of plaintiff's prior DIB claims occurred.

### C. Objection: Plaintiff's Counsel Had a Conflict of Interest

According to plaintiff, shortly before her hearing before the ALJ, her counsel at the hearing, Barbara Artuso, accepted an appointment as an ALJ with the Social Security Administration and was awaiting completion of her security clearance. (Pl.'s Obj. at 4-5.) Although plaintiff states that "there iws [sic] no suspicion of wrongdoing," she contends that Artuso's appointment as an ALJ may have caused her to litigate plaintiff's case with less than vigorous advocacy, and may have created the "potential for an appearance of impropriety." (Id. at 5.)

Plaintiff's objection is meritless. First, as plaintiff has admitted, there is no evidence that Artuso did not act as a zealous advocate or that either Artuso or the ALJ were biased against plaintiff in any manner. Second, plaintiff has waived this objection by failing to raise it in her Statement of Issues in Support of Request for Review. See Warren G. v. Cumberland Cnty. Sch. Dist., 190 F.3d 80, 84 (3d Cir. 1999) ("An issue is waived unless a party raises it in its opening brief.") (citations omitted). Third, even if the objection were not waived, remand of the case is not warranted because evidence of Artuso's appointment as an ALJ is neither new nor material, and plaintiff has not demonstrated good cause for her failure to raise the issue at the hearing before the ALJ. See Matthews v. Apfel, 239 F.3d 589, 593 (3d Cir. 2001). The evidence is not "new," as Artuso had already accepted an appointment as an ALJ at the time of the January 8, 2008 hearing. The evidence also is not "material": plaintiff concedes that "there iws [sic] no suspicion of wrongdoing," (Pl.'s Obj. at 5), and has failed to demonstrate that there is a "reasonable probability" that evidence of Artuso's appointment as an ALJ would have changed the outcome of the Commissioner's determination as to her eligibility for DIB.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's Objections are overruled, the R & R is approved and adopted, and plaintiff's Request for Review is denied. An appropriate order follows.